UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RENÉE MARIE BUMB**<br>**UNITED STATES DISTRICT JUDGE** | MITCHELL H. COHEN COURTHOUSE<br>1 John F. Gerry Plaza, Chambers 6050<br>P.O. Box 2736<br>Camden, New Jersey 08101<br>(856) 757-5020    Fax (856) 757-5474 |

June 11, 2020

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Ronald L. Greenblatt, Esquire
Greenblatt Pierce Funt & Flores
35 Kings Highway East, 2nd Floor
Haddonfield, New Jersey 08033

Andrew D. Kogan, AUSA
U.S. Attorney's Office District Of New
Jersey 970 Broad Street, Room 702
Newark, New Jersey 08102

    **Re:   United States v. Jeremy Hare**
           **Criminal Action No. 18-588 (RMB)**

Dear Counsel:

    Before this Court is Defendant Jeremy Hare's ("Defendant" or "Hare") Second Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 33. This Court having considered the parties' submissions, and for the reasons discussed below, denies without prejudice Defendant's motion.

**DISCUSSION**

    The Court incorporates herein by reference the Discussion section of this Court's Letter Opinion denying Defendant's First Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) dated May 22, 2020, Docket Entry #31. In that Opinion and accompanying Order, the Court denied without prejudice Defendant's First Motion for Compassionate Release because Defendant had not exhausted his administrative remedies.

    In the instant Second Motion for Compassionate Release, although Defendant maintains that he has exhausted his

administrative remedies, the facts remain unchanged from Plaintiff's First Motion for Compassionate Release. As the Court explained before, and as the Government observes in opposition to the instant motion, Defendant's previous request to the BOP sought relief that is different from the relief he seeks in this Court. The BOP request sought transfer under the CARES Act; in the instant motion, Defendant seeks release under the First Step Act. Therefore, this Court finds that Defendant has not exhausted his administrative remedies as they pertain to the relief presently sought under the First Step Act.

Defendant alternatively argues that his failure to exhaust should be excused. This argument fails for the reasons stated previously. The Court may not waive the statutory exhaustion requirement. See, e.g., United States v. Raia, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).[1]

**CONCLUSION**

Defendant Hare's Second Motion for Compassionate Release is **DENIED without prejudice**. An appropriate order follows.

Very truly yours,

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

[1] Even if this Court were to waive the statutory exhaustion requirement, this Court finds that Defendant has not set forth any compelling reasons to do so.