[Dkt. Nos. 38 and 48]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            v.                      : Crim. No. 18-588 (RMB)
                                    :
JEREMY HARE                         : **OPINION**
_____ :

This matter comes before the Court upon Defendant Jeremy Hare's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release). [Dkt. No. 48]. The Court had previously denied the Defendant's previous application because he had not exhausted his administrative remedies. He has now done so. Defendant Hare is currently serving his sentence at the Bureau of Prisons facility in Fort Dix, New Jersey, with a projected release date of February 1, 2022. The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

On September 28, 2016, Defendant pled guilty to a violation of 18 U.S.C. § 1343(a) as result of his illegal conduct involving a fraudulent invoicing scheme. This Court sentenced him on April 13, 2019, to three years' imprisonment to be followed by three years' supervised release, as well as restitution of more than $400,000.

1

On April 22, 2020, counsel for Defendant filed a motion for a reduction of sentence pursuant to 18 U.S.C. §3582(c). [Dkt. No. 26]. This Court denied the motion without prejudice on May 22, 2020, because Defendant had failed to exhaust his administrative remedies. [Dkt. No. 32].

On June 4, 2020, counsel for Defendant filed a second motion for a reduction in sentence pursuant to 18 U.S.C. §3582(c). [Dkt. No. 33]. As noted, this Court denied the motion without prejudice on June 11, 2020, [Dkt. No. 37], because Defendant had failed to exhaust his administrative remedies. On September 29, 2020, Defendant filed a pro se motion seeking compassionate release pursuant to18 U.S.C. § 3582(c)(1)(A). [Dkt. No. 38]. On October 14, 2020, this Court stayed Defendant's motion at the request of the Public Defender's Office in order to allow counsel to consider filing a motion on Defendant's behalf. [Dkt. No. 41]. On November 23, 2020, defense counsel submitted a motion on Defendant's behalf seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Dkt. No. 48]. In the motion, Defendant argues: (1) that his medical situation –specifically hypertension, high cholesterol, and a body mass index of 26 – present extraordinary and compelling circumstances warranting relief; (2) the BOP is ill-equipped to address the COVID-19 pandemic; and (3) Defendant has a viable release plan.

On December 21, 2020, the Defendant, through counsel, filed a letter that set forth alarming statistics. At the time of the submission, Defendant advised that there were over 362 confirmed cases of COVID-19 among inmates and staff. Consequently, the Court issued an Order to the Government directing it to address "an apparent conflict with the Bureau OF Prisons website – namely the Government's contention that FCI Fort Dix has 183 COVID-19 positive inmates, compared to the BOP website which reports 461 conformed active COVID-19 cases among the inmate population." Dkt. No. 58].

As to Defendant's request for release, the Government responds that Defendant does not satisfy the "extraordinary and compelling" standard for release. Although Defendant suffers from hypertension and high cholesterol, these are conditions that the CDC recognizes might be an increased risk, but the BOP is well equipped to treat Defendant's medical needs. Moreover, in response to the Court's Orders as well as Defendant's motion, the Government also has introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus. And in response to two Orders of the Court, the Government has addressed those measure in greater detail, as well as explained the number of COVID-19 positive cases since Defendant filed his motion. Fortunately, as detailed below, the number of positive cases have continued to drop considerably.

It is set forth at length in the Government's Response. See Govt. Opp., Dkt. No. 49, at pgs. 5-9); Dkt. o. 57, Ex. B.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, <u>Dillon v. United States</u>, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

4

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory requirement that this Court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

As noted, Defendant has exhausted his administrative remedies. United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A)(i). The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

"extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

  (I)  suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive
       impairment, or

  (III) experiencing deteriorating physical or mental
        health because of the aging process,
        that substantially diminishes the ability of the
        defendant to provide self-care within the
        environment of a correctional facility and from
        which he or she is not expected to recover.

 Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

   Defendant has introduced evidence that he suffers from hypertension, high cholesterol and is overweight.  His other medical issues include an elevated AIC and sleep apnea.  Thus, he contends that because he suffers from multiple risk factors, he is at a uniquely increased risk of having a severe outcome if

7

he were to contract the virus.[2] Defendant's medical conditions, however, are not among the categories of conditions recognized by the CDC as entailing a greater risk of serious illness. Although these conditions fall within the second set of identified health conditions for which persons might be at an increased risk, there is no evidence put before this Court to demonstrate that his medical conditions are not being treated.[3] Evidence further demonstrates that Defendant is being treated for his hypertension and high cholesterol.

Moreover, on January 19, 2021, the Government advised there were 59 positive cases at Fort Dix.  See Dkt. No. 59, at ¶ 2. The prison began administering the vaccine to staff on January 19, 2021.  Thus, the Government has sufficiently explained to the Court in its submission, first, the discrepancy in the numbers of positive cases, and second, why there is a lag in reporting the numbers on the BOP.gov website.  The significant reduction in positive cases, although not 0, is an encouraging sign that the BOP's measures are working.  Thus, the record before this Court does demonstrate that the BOP is undertaking efforts to contain the COVID-19 outbreak and that those efforts

---

[2] Defendant points to some inconsistencies in his medical records.  For purposes of this motion, the Court accepts as true that Defendant suffers from the medical conditions he describes.

[3] The Defendant disputes that he ever denied a sleep study.  The Court would encourage Defendant to have such study done.

have been helpful to contain and control the spread of the virus.

The Court also finds that Defendant has failed to demonstrate that he merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

A sentence reduction here would be inconsistent with the § 3553(a) factors. First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a). Defendant's crime was a serious one, involving fraudulent act after fraudulent act that resulted in substantial harm to the victim company and the personnel his greed impacted. Add to this the fact that Defendant committed his crime while on probation, which clearly shows his lack of respect for the law.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction. As set forth above, the Defendant has little regard for the rule of law. The facts surrounding his criminal conduct are troubling, as they show a picture of someone who enjoyed a grandiose lifestyle as the expense of others' hard-earned

rewards.  For similar reasons, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.

The Court cannot find that the §3553(a) factors warrant his release.  Rather, they counsel in favor of continued incarceration.

The Motion is therefore DENIED.

s/Renée Marie Bumb_____  
RENÉE MARIE BUMB  
United States District Judge

Dated: January 25, 2021